### LAUDERBACK et al. v. BROOKS et al. (No. 7538.)

(Court of Civil Appeals of Texas. San Antonio. March 24, 1926. Rehearing Denied April 28, 1926.)

1. Schools and school districts ⬗111—Petition to restrain issuance of common school district bonds and levying and collecting taxes therefor held to show notices of election complied with law (Vernon's Ann. Civ. St. Supp. 1922, art. 2837a, 2859).

Petition to restrain issuance of school district bonds and levy and collection of taxes therefor, alleging that three notices of election were posted in places specified, and that such places were public places, *held* to show compliance with law as notices complied with Vernon's Ann. Civ. St. Supp. 1922, art 2837a, and article 2859 has no reference to ordinary school districts.

---

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Schools and school districts ⊕⇒97(4)—Discrepancy between order for election and notice of election held, not to affect validity of bonds when election not affected.**

That under order for election, school district bonds might be retired in 20 years, instead of 10, as stated in notice of election, *held* not to affect validity of bonds when it was not shown that voters were misled, or election affected.

Appeal from District Court, Frio County; Covey C. Thomas, Judge.

Suit by W. A. Lauderback and others against H. L. Brooks and others. From a judgment of dismissal, plaintiffs appeal. Affirmed.

R. W. Hudson, of Pearsall, and Huson & Huson, of San Antonio, for appellants.

Arnold & Cozby, of San Antonio, for appellees.

FLY, C. J. Appellants W. A. Lauderback, Henry C. Stewart, J. W. Talley, and R. S. Parks, describing themselves as taxpayers and, with one exception, voters of Frio county and the school district described, brought this suit against the sheriff, county judge, commissioners, and the trustees of school district No. 8, in said county, to restrain them from the issuance of certain school district bonds, the levying of taxes for paying interest and a sinking fund on the same and the collection of such taxes. An injunction was issued, no day being set for a hearing, on January 30, 1925, and a hearing was not had until September 18, 1925, at which time a general demurrer, as well as certain special exceptions, were sustained, and, appellants declining to amend, the cause was dismissed.

The three special exceptions assailed the petition on the grounds: First, that appellants' allegations showed that they had an adequate remedy at law; second, that the allegations that the law required strict compliance with certain requirements as a condition precedent to a legal election were mere conclusions of law and not statements of facts; third, that the petition showed the suit was a collateral attack on a judgment and order of the commissioners' court from whose order no appeal was taken.

We do not think the first exception was well taken, because it does not appear that appellants had an adequate remedy at law, nor do we think that the other two special exceptions should have been sustained; but the petition, when taken as a whole, does not present a cause of action, and therefore the general demurrer was properly sustained.

[1] The allegation that the notices of election were not posted in three public places within the district cannot be sustained, as that allegation was destroyed by the further allegation that three notices of the election were posted giving the location of each and that—

"Each of said places where a notice was posted is a public place in said school district."

This allegation shows that the law as to notices was fully complied with. The law as to schoolhouse bonds was amended in 1921, and several articles added to the law then in force In article 2837a, Vernon's Ann. Civ. St. Supp. 1922, it is provided: '

"The county judge shall order the sheriff to give notice of such election by posting three notices in the district for three weeks prior to said election, and the sheriff shall obey such order."

The petition alleged the issuing of the order by the county judge to the sheriff and that the sheriff posted the notices in the district for three weeks. The law says nothing about three public places in the district, but appellants allege that the notices were posted in three public places in the district. The article quoted is the only law applying to notices in an election on the issuance of bonds for building schoolhouses. Article 2859, Vernon's Ann. Civ. St. Supp. 1922, has no reference to notices issued by the county judge for an election on bonds in an ordinary school district, but applies to independent school districts alone, and that statute cannot be invoked as to the notice given in this instance. The allegations as to notice show a compliance with the requirements of article 2837a, the only law applicable in this case as to notices.

[2] The notice copied into the petition stated for what time the bonds were to run, and the discrepancy in the notice as to when the bonds might be retired from the order made by the commissioners' court did not affect the validity of the bonds. When the notice stated that the bonds were to run for 40 years it fully complied with the requirement of the statute. It is not alleged that any voter was misled by the fact that the time of the retirement of the bonds might be 20 years instead of 10, as stated in the notice, or that it had any effect, good, bad, or indifferent, on the election; in fact, no complaint is made of the notice on that ground. The attack on the notice of election on the ground of variance between it and the order of election is sought to be made under a "point" complaining of the notice only on the ground that it failed to state the hour that the polls would be opened.

The fifth point is overruled. The law requires that the rate of tax shall be determined by the trustees and county superintendent and certified by the latter to the commissioners' court, and it is not alleged that the rate of taxation was not determined as required by law, and the facts alleged show a substantial compliance with the law.

The petition does not allege as a ground

for an injunction that two schools for whites were located in the district; and, if such had been alleged, that was a matter that could not affect the validity of the election.

We need not further discuss the points raised by appellants, several of which have no basis in the allegations of the petition. The petition failed to state any cause of action and was properly dismissed.

The judgment is affirmed.